[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14627
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cr-80105-KLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES THOMAS O'NEIL,
a.k.a. Charles T. O'Neil,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 9, 2016)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charles O'Neil appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. On appeal, O'Neil contends that the district court erred by failing to calculate his amended guideline range and then failing to explain its reasons for denying him a sentence reduction. O'Neil adds that the district court, in denying his motion, specifically failed to consider his post-sentencing rehabilitation, as well as his low likelihood of recidivism.

After a review of the record, the parties' briefs, and the applicable case law, we affirm.

A district court must engage in a two-step analysis when considering a motion for a sentence reduction under § 3582(c)(2). *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must calculate the offender's amended guideline range. *Id.* Second, the court must determine, in its discretion, whether to reduce the defendant's sentence and, if so, to what extent. *Id.* at 781. In exercising that discretion, the court must consider the § 3553(a) factors. *Id.*; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). When imposing a sentence, a district

2

court shall consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; and (7) any pertinent policy statement from the Sentencing Commission.  18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5).  The court also must consider the nature and seriousness of any danger a reduction poses to persons or to the community, and may consider a defendant's post-sentencing conduct.  *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); U.S.S.G. § 1B1.10, comment. (n.1(B)((ii)-(iii)).

Nevertheless, a district court need not "articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).  In *Eggersdorf*, this Court deemed sufficient the district court's order in which it stated that it had reviewed the § 3582(c)(2) motion, the government's response, the record, and was "otherwise duly advised." *Id.* at 1322-23.  We further noted that the § 3582(c)(2) motion and response had discussed specific elements that were relevant to the § 3553(a) factors.

3

The district court did not abuse its discretion.  First, the Court adopted the government's response to O'Neil's motion, such that the Court adopted the government's amended guideline calculation.  Moreover, O'Neil does not dispute that the district court correctly calculated his amended guideline range.  Second, the district court, by adopting the government's response, adequately placed on the record its reasons for denying O'Neil's § 3582(c)(2) motion:  O'Neil's criminal history and his stated intention to fund his retirement by drug trafficking outweighed his post-sentencing conduct.

**AFFIRMED.**